Allen, J.
The record is more defective in all its parts, and more barren of facts, material to the proper determination of the appeal, than any other that has ever come under my observation. But for the statement in the order at Special Term, that proofs of the several matters alleged in the -petition had been made, we should be left to guess or conjecture what the proofs may have been in support of the application. *345 The docket of a country justice of the peace, of proceedings involving a claim of twenty shillings, would have more the appearance of, and would better serve the purpose of a judicial record than does the statement and record of the proofs and proceedings at Special Term, a transcript of which is before us upon the appeal. The respondents can neither claim any benefits, or complain of the imperfections of the records, as it was prepared by them, on their appeal from the order at Special Term. But assuming that the facts alleged in the petition were proved to the satisfiaction of the judge at Special Term, and of which there is some indication in the brief notes, making a part of the record, and there being no objection to the sufficiency of the evidence of title, or other material facts, the case is directly within the principle decided by this court February 2, 1875, in The Matter of the Petition of Phillips* and must be controlled by it.
It is true, that if the record is to be regarded as containing all the proofs made on the hearing at Special Term, or a note or,memorandum of such proofs, the proceedings of but one of the boards of the common council were put in evidence, and proof made of an omission to publish the proceedings before the final vote of that body upon the resolution for the paving of the street, the cost of which has been assessed in part upon the petitioner’s premises, as required by section 7 of the amended charter of 1857. (S. L. of 1857, p. 875.) But an omission to publish the notice before the final vote in either board, would be fatal, and invalidate the proceedings. Such has been the uniform interpretation of the act.
It follows that it was not material to give evidence in respect to the action of the other board.
The order of the General Term must be reversed, and that of the Special Term affirmed with costs.
All concur.
Order reversed and ordered accordingly.

 Ante, 16.